**UNIVERSITY SAVINGS ASSOCIATION and Landmark Savings Association, Appellants,**

v.

**Vance C. MILLER, Appellee.**

**No. B14–88–848–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 15, 1990.

Rehearing Denied March 15, 1990.

James H. Leeland, Walsh, Squires & Tompkins, Houston, for appellants.

Peter J. Harry, Melanie K. Morgan, Dallas, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

MURPHY, Justice.

University Savings Association ("University") and Landmark Savings Association ("Landmark") appeal from a summary judgment entered in favor of Vance C. Miller, the defendant in the trial court. Appellants claim the trial court erred in granting Miller's motion for summary judgment and in denying appellants' motion for summary judgment. We reverse the judgment and remand the cause to the trial court.

Appellants filed suit against Miller seeking damages pursuant to a guaranty agreement executed by Miller as further security for a loan by University to Miller Warehouse Company of Houston, Inc. for the sum of $2,740,000.00. This agreement guaranteed the full payment "at maturity, howsoever such maturity may be brought about, of the first or top ten (10%) percent of all sums owing and to be owed upon the note, including interest and attorney's fees...." Because Miller Warehouse defaulted in making its payments on the note, University accelerated the maturity of the note on January 9, 1986. As of the date of acceleration, the total indebtedness amounted to $2,732,464.00. By letter dated January 9, 1986, demand was made upon Miller for payment in accordance with the guaranty agreement. Miller refused to honor the agreement. A foreclosure sale was held and University, as the only bidder, purchased the property for $2,400,-000.00 which was applied to the balance due under the note, leaving a balance owed of $627,019.43. Landmark is the present holder of the note and assignee of Universi-ty's interest in the deed of trust, guaranty agreement, and this cause of action.

Miller moved for summary judgment claiming that, by its own terms, the guaranty agreement had terminated, extinguishing Miller's liability. Miller based this claim upon the following language in the agreement:

Notwithstanding any provisions to the contrary contained herein it is expressly understood and agreed that Guarantors shall guarantee the Note to the extent of the first or top ten (10%) per cent of all sums owing and to be owing upon the Note and that at such time as the principal of the Note has been reduced by $274,000.00 or more, this Guaranty shall automatically terminate and be of no further force and effect.

Miller argued that, because the proceeds from the foreclosure sale reduced the outstanding principal by more than $274,000, the guaranty agreement terminated. The court granted Miller's motion and entered a final summary judgment in favor of Miller.

In point of error one, appellants contend the trial court erred in granting Miller's motion for summary judgment because this decision was based upon an incorrect construction of the agreement. The standard of review of a summary judgment is whether the movant has met the burden of establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a fact issue exists, we must accept as true all proof favorable to the non-movant, indulging all reasonable inferences and resolving all doubts in his favor. *Id.* at 548–49.

When construing a guaranty agreement, a court is to determine and give effect to the intention of the parties, *see Buffalo Sav. & Loan, Ass'n v. Trumix Concrete Co.*, 641 S.W.2d 650, 654 (Tex. App.—Corpus Christi 1982, no writ), primarily by reference to the language of the agreement. *See Southwest Sav. Ass'n v. Dunagan*, 392 S.W.2d 761, 767 (Tex.Civ. App.—Dallas 1965, writ ref'd n.r.e.). Fur-

thermore, a court must strictly construe a guaranty according to its precise terms and not extend by construction the guarantor's obligation. *See Robinson v. Surety Ins. Co.*, 688 S.W.2d 705, 708 (Tex.App.—Fort Worth 1985, no writ). Bearing in mind these rules of construction, we turn to the relevant language in the agreement.

■ The first paragraph describes the scope of the guaranty obligation. Specifically, Miller guaranteed:

the prompt, complete and full payment at maturity, howsoever such maturity may be brought about, of the first or top ten (10%) per cent of all sums owing and to be owing upon the note, including interest and attorney's fees....

Regarding when and how University could enforce the guaranty, the agreement contains the following paragraph:

Whenever any indebtedness, or any renewal thereof guaranteed hereunder, shall become due and remain unpaid, [Miller] will, on demand ... pay the amount due thereon to [University], its successors or assigns, at Houston, Texas; and it shall not be necessary for [University], in order to enforce such payment by [Miller], to first institute a suit, or exhaust its remedies against Borrower, or others liable on such indebtedness, or to enforce its rights against any security which shall have been given [University] to secure such indebtedness.

In accordance with this paragraph, University sent a demand letter to Miller when Miller Warehouse (the borrower) defaulted on its payments. Although this paragraph does not require University to file suit or enforce its rights against the security in order to enforce the guaranty, two other paragraphs in the agreement explain University's rights with respect to foreclosure. The seventh paragraph provides that:

should the Borrower execute in favor of [University] any collateral agreement, the exercise by [University] of any right conferred upon it in said agreement, shall be wholly discretionary ... and such exercise of, or failure to exercise, such right shall in no wise impair or

diminish the obligations of [Miller] hereunder.

As security for the note, Miller Warehouse executed a deed of trust in favor of University. This deed of trust constituted a collateral agreement giving University foreclosure rights against the property. Thus, the above-quoted provision gave University discretion whether or not to foreclose and allowed University to foreclose without affecting Miller's guaranty. Under this provision the foreclosure sale held by University in no way affected Miller's obligation. Furthermore, the guaranty contains another provision allowing University to apply the security to the unguaranteed portion of the debt before applying it to the indebtedness guaranteed by Miller.

Although the agreement provides for automatic termination upon reduction of the principal by $274,000.00 or more, the provisions regarding foreclosure rights indicate that the parties did not intend foreclosure to affect the guaranty obligation by triggering the automatic termination clause. Thus, we disagree with the construction urged in Miller's motion for summary judgment that the application of the foreclosure sale proceeds triggered automatic termination of the guaranty. Because the summary judgment was based upon this incorrect construction of the guaranty, we find the trial court erred in granting summary judgment in favor of Miller. Accordingly, we sustain appellant's first point of error.

■ In points of error two and three, appellants claim the trial court erred in denying and in failing to grant appellant's motion for summary judgment. We agree. Under the terms of the guaranty, Miller became liable for the guaranteed amount when the debt became due and remained unpaid and when University demanded payment from Miller, as guarantor. According to the summary judgment proof, University accelerated the maturity of the note on January 9, 1986, and on the same date, University sent a letter to Miller demanding payment. Thus, Miller's liability for the guaranteed amount attached when this demand was made. At that time, the prin-

cipal had been reduced by only $166,379.98, an amount insufficient to trigger the termination clause.

We find that appellants met their summary judgment burden of proof by showing that, under the terms of the guaranty agreement, Miller's liability had attached. Furthermore, appellants established that Miller's liability never terminated under the terms of the agreement. Since appellants proved they were entitled to judgment as a matter of law, the trial court erred in denying and in failing to grant their motion for summary judgment. We sustain points two and three.

We reverse the judgment and remand the cause to the trial court for a determination of damages, including interest from the date of foreclosure and for entry of judgment in favor of appellants.