Vance C. MILLER, Appellant,

v.

UNIVERSITY SAVINGS ASSOC., and Landmark Savings Assoc., Appellees.

No. B14–92–00746 CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 1, 1993.

Rehearing Denied Aug. 19, 1993.

**34**

Peter J. Harry, Ronald D. Gray, Dallas, Leonard J. Meyer, Houston, for appellant.

James H. Leeland, Houston, for appellees.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a judgment in favor of appellees, and the denial of appellant's summary judgment motion. In four points of error, appellant contends the trial court erred in granting appellees' summary judgment motion based on their claim and appellant's counter-claim of usury. Appellant also asserts the trial court committed reversible error in denying and failing to grant his motion for summary judgment. We affirm the judgment of the trial court.

This is the second time this case has been before us on appeal. *See University Sav. Ass'n v. Miller*, 786 S.W.2d 461 (Tex. App.—Houston [14th Dist.] 1990, writ denied). As the facts have not changed, and we are presented with some variations of the same issues decided in the first appeal, a brief recitation of the facts and procedural posture of this case is necessary.

On August 26, 1977, appellant entered into a guaranty agreement with appellee, University Savings Association ("University"), in conjunction with a loan by University Savings to Miller Warehouse of Houston. This loan was documented by a promissory note, and further secured by a deed of trust covering an apartment complex in Houston. The loan was for $2,740,000.00.

Miller Warehouse defaulted on the loan, beginning with the failure to pay the September 1, 1985 installment payment. On January 9, 1986, University Savings accel-

erated the maturity of the note and made demand upon appellant, as guarantor, to make the payment required under the guaranty agreement. As of the date of acceleration, the amounts owed to University were as follows: 1) Unpaid principal balance $2,573,620.02; 2) unpaid accrued interest $130,718.51; 3) unpaid negative escrow balance owed for advances made by University for unpaid taxes due on the secured real property in the sum of $23,-807.15; and 4) $4,322.32 for unpaid accrued late charges, for a total of $2,732,468.00. The addition of ten percent attorney's fees and foreclosure costs immediately preceding the foreclosure sale of the apartment complex made the total indebtedness owing to University $3,027,019.43. The apartment complex was bought by University at the foreclosure sale for $2,400,000.00, and the proceeds applied to the unguaranteed portion of the indebtedness.

In the original trial of this case, the trial court was faced with cross-motions for summary judgment. At that time, the trial court granted appellant's motion for summary judgment and denied appellees' motion for summary judgment, based upon that court's interpretation of the guaranty agreement. Basically, the trial court found that the guaranty agreement, by its terms, terminated after the foreclosure sale. University appealed, both on the ground that Miller's motion for summary judgment was improvidently granted, but also on the ground that the trial court improperly denied its motion for summary judgment. The appeal was limited to the summary judgment evidence based upon the construction of the guaranty agreement.

Upon the first appeal to this court, we held that not only was Miller's motion for summary judgment improperly granted, but also that University had proven its entitlement to summary judgment relief as a matter of law. We reversed the judgment and remanded the case only for a determination of damages.

On remand, appellees, University, and Landmark Savings, the assignee of the note, filed a Motion for Entry of Judgment and provided the trial court with proof of the liquidated damages owed. Appellant, though not directly responding to appellees' motion for entry of judgment/second motion for summary judgment, filed his own Motion for Summary Judgment, alleging, for the first time, that the interest charged against him was usurious. The trial court, in accordance with our previous opinion, entered judgment for appellees and awarded the appropriate, liquidated damages.

In this second appeal, appellant contends the trial court erred by entering the judgment in appellees' favor and in granting their motion for summary judgment on appellant's counterclaim of usury. Appellant further asserts that the trial court improperly denied his motion for summary judgment. And, for the first time, appellant raises the issue that appellees' failed to prove their entitlement to summary judgment relief, as a matter of law, in the *original* proceeding, based upon their alleged failure to send him notice of intent to accelerate the note. Appellant asserts this issue even though no defense to appellees' first or second motions for summary judgment on the grounds of failure to send notice of intent was ever made.

■ In his first point of error, appellant claims the trial court erred in granting the appellees' motion for summary judgment, even in light of our prior opinion remanding the case for entry of judgment in appellees' favor and a determination of damages. Specifically, appellant contends our first decision on this case, rendering summary judgment relief for appellees, was in error, as appellees did not sustain their burden proving a right to such relief as a matter of law because they failed to prove the necessary requisites for accelerating the underlying note. In the alternative, appellant contends that the "law of the case" doctrine does not apply because substantially different facts now exist, namely, those giving rise to a claim of usury which arose on remand.

■ In support of his argument that appellees' did not prove their entitlement to judgment as a matter of law, appellant directs us to the case law regarding prom-

issory notes and the requirements of acceleration. Generally, the holder of a note must perform three requirements before he can properly accelerate the maturity of a note, namely: 1) make presentment, or demand for payment upon the maker; 2) give notice of *intent* to accelerate, and; 3) notify maker of actual acceleration. *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 892 (Tex.1991); *Ogden v. Gibraltar Sav Ass'n*, 640 S.W.2d 232, 233; *Allen Sales & Servicenter v. Ryan*, 525 S.W.2d 863, 865 (Tex.1975). However, this case does not involve a holder's obligation to a maker. Instead, it involves the liability of a *guarantor* when the maker defaults on the loan. While we agree with appellant that Texas law requires a holder to notify a maker of his intent to accelerate a note, it does not require that notice of intent to accelerate be given to a guarantor. *United States v. Little Joe Trawlers, Inc.*, 776 F.2d 1249, 1252 (5th Cir.1985). While a guaranty clause may incorporate certain terms and provisions of the underlying promissory note, it is a separate contract with separate ramifications and obligations imposed on those parties.

■ Even if we assume *arguendo* appellant's interpretation, he has waived this point of error and argument by failing to raise it either at the prior trial or on appeal therefrom. In their original petition, appellees plead that "all conditions precedent have been performed or have occurred," and appellant failed to specially except to this pleading. Nor did he object to it, or bring it to the trial court's attention by controverting it at the prior summary judgment stage.

We are well aware that a non-movant is not required to respond to a motion for summary judgment when the movant's summary judgment proof is legally insufficient. *See Cove Inv. Inc. v. Manges*, 602 S.W.2d 512, 514 (Tex.1980). However, TEX. R.CIV.P. 54 provides:

In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or have occurred. *When such perfor-mances or occurrences have been so plead,* the party so pleading same shall be required to prove only such of them as are *specifically denied by the opposite party.* (Emphasis added).

We find it hard to sympathize with appellant on this second appeal when he failed to raise the issue either at the trial level or at the first appeal, either by cross-point or in his motion for rehearing. He limited his arguments to the construction of the guaranty agreement and wholly failed to address the sufficiency of appellees' summary judgment proof on this issue. Having plead that all necessary requirements had been met, and obtaining a judgment based on those summary judgment pleadings, appellees are not now subject to an insufficiency claim by appellant, who failed to specifically deny the existence of those conditions as required by Rule 54, or to raise it on the original appeal. Accordingly, point of error one is overruled.

■ In point of error two, appellant complains of the trial court's granting of appellees' motion for summary judgment on his counter-claim of usury. Appellant contends appellees' Motion for Entry of Judgment charges him with interest at the rate of 18%, when he is only liable for interest at the legal rate of 6% from the date of maturity upon whatever damages may be assessed against him. He further asserts that this claim of usury is not precluded by the "law of the case" doctrine or res judicata, because the interest was not charged or demanded until the remand of this case for entry of the judgment and determination of the amounts owed. Appellant also argues that he is not liable for any "post-maturity" sums owing on the note, although we included the time period of the foreclosure sale in our order.

The guaranty agreement incorporated the terms of the promissory note in its provisions by stating: " ... reference being made to the aforesaid note for all of the terms and conditions thereof and same by reference is made a part hereof for all purposes." The note itself provided for interest at the maximum lawful rate permitted upon default, until such time the

payment of indebtedness had been made in full. The highest rate allowed on such a note is 18% per annum. TEX.REV.CIV.STAT. ANN. art. 1302–2.09 (Vernon 1989). Furthermore, appellant is not liable for this entire amount. The guaranty agreement states:

> guarantors jointly and severally, for themselves, their heirs, executors, administrators, and successors, absolutely and unconditionally guarantee to the Association, its successors and assigns, the prompt, complete and full payment at maturity, howsoever such maturity may be brought about, of the first or top *ten percent (10%)* of all sums owing *and to be owing* upon the note, including interest and attorneys' fees as provided for therein (emphasis added).

Thus, by the explicit wording of the agreement, appellant is liable for the interest *through* the foreclosure sale. Furthermore, the interest owed by a guarantor cannot be usurious when it is allowed under law. Also, appellant is obligated only to pay the top 10% of the principal and interest charged on the note and 10% of the attorneys' fees. It follows that the amount of interest is clearly not usurious.

■ Moreover, the amount of the loan and the rate of interest are liquidated damages which were ascertainable at the time of the original proceeding. As such, this claim, since not plead in the initial motion, is waived. These issues have already been determined by this court, as we held that judgment for appellees should include interest from the date of foreclosure. *See University Sav. Ass'n. v. Miller*, 786 S.W.2d at 464. If appellant believed that the interest rates were usurious, he should have so plead, as those amounts have not changed and were known at all times by merely reading the provisions of the promissory note and the guaranty agreement.

Nonetheless, appellant argues that principles of *res judicata* do not apply because the facts have changed which alter the legal rights or relations of the parties. *See City of Lubbock v. Stubbs*, 160 Tex. 111, 327 S.W.2d 411, 414 (Tex.1959). On the contrary, the facts have not changed at all.

As mentioned above, only simple mathematics was required to calculate the exact sums owing. The interest rates have been fixed throughout these proceedings, and were known at the time appellant brought his first motion for summary judgment. Having failed to bring this claim before the trial court in the initial proceeding, appellant is now barred from asserting this cause of action. Point of error two is overruled.

In his third and fourth points of error, appellant claims the trial court erred in both denying and failing to grant his motion for summary judgment on the usury claim. As discussed above, appellant is precluded from bringing this claim, because no facts have changed the rights or relationship of the parties. *Lubbock v. Stubbs*, 327 S.W.2d at 414. Furthermore, the doctrine of "law of the case" applies, as this court has already determined the issues involved, and the only duty the trial court had was to enter judgment for appellees on the guaranty and apply the mathematical computations. *See University Sav. Ass'n. v. Miller*, 786 S.W.2d 461; *Pan American Petro. Corp. v. Southland Royalty Co.*, 396 S.W.2d 519 (Tex.Civ.App.—El Paso 1965, writ dism'd). Therefore, since appellant was barred from bringing this claim, and, as we have already discussed, appellant did not prove usury as a matter of law, the trial court could not have abused its discretion in denying or failing to grant appellant's summary judgment motion. Points of error three and four are overruled.

Accordingly, the judgment of the trial court is, hereby,

AFFIRMED.