**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-20337
Summary Calendar

SMS FINANCIAL II, L.L.C.,

Plaintiff-Appellee.

VERSUS

J.R. OLIVER,

Defendant-Appellant,

Appeal from the United States District Court
For the Southern District of Texas
(H-94-CV-3879)
October 28, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

J.R. Oliver appeals the district court's grant of summary judgment declaring that SMS Financial shall recover $100,000 from Oliver. Oliver asserts that summary judgment should have been granted in his favor because the statute of limitation bars SMS Financial's claim. We affirm.

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

BACKGROUND

On December 11, 1985, Century Savings and Loan Association Stock Ownership Plan ("Century") borrowed $750,000 from First American Bank and Trust of Baytown ("First American"), executing a promissory note ( the "Note") in return. The final installment on the Note was due on December 11, 1989.

On October 7, 1987, Appellant J.R. Oliver executed and delivered a Note Guaranty Agreement (the "Oliver Guaranty") to First American, in which he personally guaranteed a portion ($100,000) of Century's indebtedness to First American. In addition, First American obtained a separate guaranty on a portion ($125,000) of Century's indebtedness from Dan Mundinger (the "Mundinger Guaranty").

First American was later declared insolvent, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as First American's receiver. Title to the Note and the guaranty agreements became vested in the FDIC. On June 27, 1988, the FDIC sent a letter to Dan Mundinger in which it demanded payment of $39,375 (the alleged amount of Century's default). The letter stated that Mundinger had ten days to cure the default, and that failure to cure the default within ten days would result in all principal and interest being accelerated.

The FDIC later sold and assigned the Note and the Oliver Guaranty to Appellee SMS Financial ("SMS"), and SMS is the owner and holder of the Note and the Oliver Guaranty. On February 22,

2

1989, SMS sent a letter to Oliver in which it demanded payment under the terms of the Oliver Guaranty. Oliver failed to make payment, and on November 14, 1994, SMS filed the instant suit against Oliver.

ANALYSIS

This is an action based upon diversity of citizenship. 28 U.S.C. § 1332. We apply Texas law.

We review a district court's grant of summary judgment de novo. Weyant v. Acceptance Ins. Co., 917 F.2d 209, 212 (5th Cir. 1990). Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). We consider all the facts contained in the summary judgment record and the inferences to be drawn therefrom in the light most favorable to the non-moving party. Weyant, 917 F.2d at 212.

The parties agree that as an assignee of the Note from the FDIC, SMS may assert the FIRREA six-year statute of limitations to the same extent as the FDIC. F.D.I.C. v. Bledsoe, 989 F.2d 805, 810 (5th Cir. 1993); Jackson v. Thweatt, 883 S.W.2d 171, 174 (Tex.), cert. denied, Weatherly v. Federal Debt Management, Inc., 115 S. Ct. 196 (1994). Pursuant to FIRREA, the statute of

3

limitations begins to run on "the date on which the cause of action accrues." 12 U.S.C. § 1821(d)(14)(B). The sole controversy in this case is when the cause of action accrued.

Under Texas law, a cause of action generally accrues when facts come into existence that authorize a claimant to seek a judicial remedy. Wiman v. Tomaszewicz, 877 S.W.2d 1, 5 (Tex. App.-Dallas 1994, no writ). In determining when a cause of action accrues against a guarantor for purposes of the statute of limitations, we look at the terms of the guaranty. Ocean Transport, Inc. v. Greycas, Inc., 878 S.W.2d 256, 268 (Tex. App.-Corpus Christi 1994, writ denied); Wiman, 877 S.W.2d at 5-6.

The Oliver Guaranty simply provides that Oliver will perform "at maturity or at any time thereafter," and by the terms of the Guaranty, SMS is not required to make a written demand of Oliver as a condition precedent to seeking a judicial remedy.[2] Thus, it is necessary to determine when the Note matured.

By its terms, the Note matured on December 11, 1989. For Oliver to have been liable on the Guaranty before that date, i.e, for SMS to have had a cause of action, SMS would have had to properly accelerate the Note. See Ocean Transport, 878 S.W.2d at 266-67 (holding that statute of limitations began to run on the date loan was accelerated); Siegler v. France, 704 S.W.2d 429, 430 (Tex. App. Houston [1st Dist.] 1985, writ ref'd n.r.e.) (holding

---

[2]In addition, SMS need not exhaust its remedies against the borrower before proceeding against Oliver.

4

that absent evidence that demand was made, the statute of limitations began to run on maturity date).

Oliver argues that the demand letter sent to Mundinger on June 27, 1988, regarding the Mundinger Guaranty was sufficient to automatically accelerate the Note ten days after that date, as provided in the letter. We are unable to locate any Texas law supporting the proposition that sending a demand letter to a guarantor accelerates the note itself. In order to properly accelerate a note, Texas law requires that a holder: (1) make presentment, or demand payment <u>from the maker of the note</u>, (2) give notice of intent to accelerate <u>to the maker</u>, and (3) give notice of acceleration <u>to the maker</u>. <u>Shumway v. Horizon Credit Corp.</u>, 801 S.W.2d 890, 892 (Tex. 1991); <u>Ogden v. Gibraltar Sav. Ass'n</u>, 640 S.W.2d 232, 233 (Tex. 1982). The demand letter sent to Mundinger upon Mundinger's separate guaranty was insufficient to accelerate the Note, and thus the statute of limitations on the Oliver Guaranty did not begin to run at that time. <u>Cf.</u> <u>University Sav. Ass'n v. Miller</u>, 786 S.W.2d 461, 462-63 (Tex. App.-Houston [14th Dist.] 1990, writ denied) (stating that when construing a guaranty agreement, a court must determine and give effect to the intent of the parties by referring primarily to the language of the agreement), <u>appeal on remand</u>, 858 S.W.2d 33 (Tex. App.-Houston [14th Dist.] 1993, writ denied).

There is no other evidence in the record that SMS accelerated the Note before it matured by its terms on December 11, 1989. Even

if we were to believe, without deciding, that the statute of limitations began to run when demand was made upon Oliver on February 22, 1989, this action is not time-barred because the suit was filed on November 14, 1994, less than six years after the demand date.

AFFIRMED.