# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00460-CV

**Shirley Neeley, Texas Commissioner of Education; the Texas Education Agency; Carol Keeton Strayhorn, Texas Comptroller of Public Accounts; and the Texas State Board of Education, Appellants**

**v.**

**West Orange-Cove Consolidated Independent School District; Coppell Independent School District; La Porte Independent School District; Port Neches-Groves Independent School District; Dallas Independent School District, et al., Appellees**[*]

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT NO. D-1-GV-01-000528, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## O P I N I O N

The State appellants challenge the award of attorneys' fees to the school district appellees (the Districts) in a suit for declaratory and injunctive relief under the Uniform Declaratory Judgments Act (UDJA) and article VII, § 1 and article VIII, § 1-e of the Texas Constitution.

Four Texas school districts, who were later joined by 43 additional districts (collectively, the West Orange-Cove Districts), initially brought suit against the State, claiming that the State's school-finance system constituted a state property tax prohibited by article VIII, §1-e and that the system failed to adequately provide for a general diffusion of knowledge as required by article VII, § 1. Two additional sets of school districts, the Edgewood Districts and the Alvarado

---

[*] The complete list of appellees is attached as Appendix A.

Districts, intervened, also seeking declarations that the system violated article VII, § 1. The trial court found in favor of the Districts on all but one claim and awarded attorneys' fees to the Districts.

The State appealed directly to the Texas Supreme Court, which held that the school-finance system met the standards of article VII, § 1, but that it created a state property tax in violation of article VIII, § 1-e. The supreme court remanded the case to the trial court to reconsider the amount of attorneys' fees to be awarded. On remand, the trial court reinstated the original amount of attorneys' fees awarded to the West Orange-Cove Districts and awarded fees to the Edgewood and Alvarado Districts in a slightly reduced amount.

The State appeals the award of attorneys' fees to the Districts, claiming that the trial court abused its discretion in awarding attorneys' fees because (1) the relief sought by the Districts' declaratory-judgment claim was identical to that available directly under self-executing constitutional provisions and (2) the trial court did not properly account for the fact that the State prevailed in the Texas Supreme Court on all but one of the Districts' claims.

## BACKGROUND

In 2001, the West Orange-Cove Districts, a group that was originally made up of four Texas school districts but has since grown to a coalition of 47 districts, filed a lawsuit claiming that the school-finance system's property tax cap of $1.50 per $100 resulted in a state property tax in violation of article VIII, § 1-e of the Texas Constitution.[1] The trial court dismissed the case, and that

---

[1] Article VIII, § 1-e states, "No State ad valorem taxes shall be levied upon any property within this State."

dismissal was affirmed by this Court, but the Texas Supreme Court reversed our judgment, remanding the case to allow the West Orange-Cove Districts to proceed with their claim. *West Orange-Cove Consol. Indep. Sch. Dist. v. Alanis*, 107 S.W.3d 558 (Tex. 2003). The original four plaintiff districts were then joined by 43 additional districts, and the West Orange-Cove Districts amended their petition to include an adequacy claim, stating that the school-finance system prevented them from providing a "general diffusion of knowledge," in violation of article VII, § 1.[2] The Edgewood and Alvarado Districts intervened in the case, asserting adequacy claims and also including efficiency claims, arguing that the school-finance system was inefficient in violation of article VII, § 1. Each set of districts also sought attorneys' fees under the UDJA.

The trial court ruled in favor of the West Orange-Cove Districts on their claims for declaratory relief under article VII, § 1 and article VIII, § 1-e. The trial court also ruled in favor of the Edgewood and Alvarado Districts on their adequacy claims and their efficiency claims that were related to facilities funding, but ruled in favor of the State on the Edgewood and Alvarado Districts' efficiency claims related to maintenance and operations funding. In a separate, bifurcated proceeding, the trial court awarded attorneys' fees to each set of Districts under the UDJA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1997).

---

[2] Article VII, § 1 states, "A general diffusion of knowledge being essential to the preservation of the liberties and rights of the people, it shall be the duty of the Legislature of the State to establish and make suitable provision for the support and maintenance of an efficient system of public free schools."

The State filed a direct appeal of the trial court's judgment to the Texas Supreme Court, but did not challenge the award of attorneys' fees.[3]  The supreme court affirmed the trial court's article VIII, § 1 ruling, but ruled in favor of the State on the adequacy and efficiency claims. In light of these rulings, the supreme court remanded the case for reconsideration of the attorneys' fees award, stating, "[W]e reverse the award of attorney fees and remand the case to the district court to reconsider what award of attorney fees, if any, is appropriate. We express no opinion on this issue." *Neeley v. West Orange-Cove Consol. Indep. Sch. Dist.*, 176 S.W.3d 746, 799 (Tex. 2005).

On remand and after a hearing, the district court reinstated the West Orange-Cove Districts' award of $2,657,606.00 in attorneys' fees.  The trial court awarded reduced amounts of $1,256,395.20 to the Edgewood Districts and $263,912.50 to the Alvarado Districts.  Each set of districts was awarded post-judgment interest and conditional appellate fees.

## STANDARD OF REVIEW

A trial court's judgment in granting or denying attorneys' fees in a declaratory-judgment action is reviewed for an abuse of discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex. 1985).  The trial court's judgment will not be reversed unless "the trial court abused its discretion by awarding fees when there was insufficient evidence that the fees were reasonable and

---

[3]  A direct appeal may be taken to the Texas Supreme Court "from an order of a trial court granting or denying an interlocutory or permanent injunction on the ground of the constitutionality of a statute of this state."  Tex. Gov't Code Ann. § 22.001(c) (West 2004).

necessary, or when the award was inequitable or unjust." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

## DISCUSSION

The State contends that the Districts are not entitled to attorneys' fees under the UDJA because a declaratory judgment may not be used solely as a vehicle to obtain attorneys' fees. The State argues that because articles VII and VIII are self-executing constitutional provisions, the Districts were limited to bringing direct claims under the Constitution and are therefore ineligible for attorneys' fees under the UDJA. However, the State did not assert this argument until after the case had been remanded to the trial court for reconsideration of the attorneys' fees award. The State did not argue that the Districts were precluded from an award of attorneys' fees in its direct appeal to the supreme court.

A party may not introduce an issue on remand that it failed to raise in previous appellate proceedings. *See Miller v. University Sav. Ass'n*, 858 S.W.2d 33, 36 (Tex. App.—Houston [14th Dist.] 1993, writ denied). Because the State had ample opportunity to contest the award of attorneys' fees in the direct appeal, "we will not permit a substantive argument of this nature to now be raised." *Head Indus. Coatings & Servs., Inc. v. Maryland Ins. Co.*, 981 S.W.2d 305, 311 (Tex. App.—Texarkana 1998, pet. denied). The State is not exempt from the requirement that issues must be raised in appellate proceedings prior to remand. *See Nations v. State*, 944 S.W.2d 795, 799

5

(Tex. App.—Austin 1997, pet. ref'd) (holding that State waived argument about reliability of expert's testimony when issue was first raised on remand).

The State argues that the propriety of the award of attorneys' fees was not within the direct-appeal jurisdiction of the Texas Supreme Court and that therefore the State's failure to assert the issue on direct appeal did not constitute a waiver. The Texas Supreme Court, however, may exercise jurisdiction over arguments ancillary to an issue over which it has direct-appeal jurisdiction. *Edgewood Indep. Sch. Dist. v. Meno*, 917 S.W.2d 717, 749 n.39 (Tex. 1995). When the supreme court has "appellate jurisdiction of any issue, it acquires 'extended jurisdiction' of all other questions of law properly preserved and presented." *Id*. (quoting *City of Corpus Christi v. Public Util. Comm'n*, 572 S.W.2d 290, 294 (Tex. 1978)). As a result, the State could have properly raised its argument that the Districts could not seek attorneys' fees under the UDJA on direct appeal to the Texas Supreme Court. Because the State failed to do so, the issue is waived and we need not reach the merits of whether the Districts' use of the UDJA was appropriate.

While the State has waived its argument that attorneys' fees should not be awarded to the Districts, we may review the trial court's award of attorneys' fees to ensure that the award is equitable and just. *Bocquet*, 972 S.W.2d at 21. A trial court's judgment regarding the award of attorneys' fees "will not be reversed on appeal absent a clear showing that [the trial court] abused [its] discretion." *Oake*, 692 S.W.2d at 455.

The record reflects that each set of Districts made significant contributions in what turned out to be a highly complex lawsuit that required large amounts of statistical and demographic

6

data.  The contributions of each set of Districts were essential to the litigation as a whole, including the claim that ultimately prevailed.  Furthermore, as the trial court noted in the April 11, 2006 hearing on attorneys' fees, "[i]f it weren't for this case . . . I'm not sure the State leaders in the legislative branch would be as active as they are at problem-solving these dire problems.  And to that extent, the litigation is absolutely necessary and indispensable."  We hold that the award of attorneys' fees to each of the Districts was equitable and just, in light of the fact that the Districts were required to pursue extensive and costly litigation in order to remedy a school-finance problem with statewide implications.

The State argues that the trial court abused its discretion in awarding attorneys' fees to parties that did not prevail on their claims.  However, "the award of attorneys' fees in declaratory judgment actions is clearly within the trial court's discretion and is not dependent on a finding that a party 'substantially prevailed.'"  *Barshop v. Medina County Underwater Conservation Dist.*, 925 S.W.2d 618, 637 (Tex. 1996).  As a result, we hold that the trial court did not abuse its discretion by awarding attorneys' fees to nonprevailing parties.

The State also contends that if attorneys' fees are awarded to the Districts, such awards should be offset by the State's fees related to claims in which the State prevailed.  The State has not provided this Court with any authority for using such a method of calculating the amount of attorneys' fees to be awarded.  The trial court is free to consider the relative success of the parties when determining the amount of the Districts' attorneys' fees. *Mercier v. Southwestern Bell Yellow Pages, Inc.*, 214 S.W.3d 770, 776 (Tex. App.—Corpus Christi 2007, no pet.).  There is no evidence

suggesting that the trial court did not make such a consideration in determining the amount of attorneys' fees to award on remand. Furthermore, as noted above, whether or not a party prevails on its claim is not determinative in the decision to award attorneys' fees for declaratory-judgment actions. *See Barshop*, 925 S.W.2d at 637. As a result, we hold that the State's argument for offsetting the award of attorneys' fees is without merit.

## CONCLUSION

Because the State waived its argument regarding the propriety of the attorneys' fees awarded by not asserting it on direct appeal to the Texas Supreme Court and because the awards were equitable and just, the trial court's judgment awarding attorneys' fees is affirmed.

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed:  June 21, 2007

8

**Appendix A**

The complete list of appellees is as follows:

West Orange-Cove Consolidated Independent School District; Coppell Independent School District; La Porte Independent School District; Port Neches-Groves Independent School District; Dallas Independent School District; Austin Independent School District; Houston Independent School District; Alamo Heights Independent School District; Allen Independent School District; Argyle Independent School District; Beckville Independent School District; Carrollton-Farmers Branch Independent School District; Carthage Independent School District; College Station Independent School District; Cypress-Fairbanks Independent School District; Darrouzet Independent School District; Deer Park Independent School District; Fairfield Independent School District; Graford Independent School District; Grapevine-Colleyville Independent School District; Hallsville Independent School District; Highland Park Independent School District; Humble Independent School District; Katy Independent School District; Kaufman Independent School District; Lake Travis Independent School District; Lewisville Independent School District; Lubbock Independent School District; Marble Falls Independent School District; McCamey Independent School District; Miami Independent School District; Northeast Independent School District; Northside Independent School District; Northwest Independent School District; Palo Pinto Independent School District; Pearland Independent School District; Plano Independent School District; Pringle-Morse Consolidated Independent School District; Richardson Independent School District; Round Rock Independent School District; Round Top-Carmine Independent School District; Spring Branch Independent School District; Spring Independent School District; Stafford Municipal Independent School District; Sweeny Independent School District; Terrell Independent School District; Texas City Independent School District; Abbott Independent School District; Academy Consolidated Independent School District; Aldine Independent School District; Alpine Independent School District; Alvarado Independent School District; Amarillo Independent School District; Anna Independent School District; Anthony Independent School District; Aspermont Independent School District; Athens Independent School District; Aubrey Independent School District; Avalon Independent School District; Avery Independent School District; Axtell Independent School District; Balmorhea Independent School District; Bangs Independent School District; Beeville Independent School District; Bells Independent School District; Belton Independent School District; Big Sandy Independent School District; Blanket Independent School District; Blooming Grove Independent School District; Boles Independent School District; Boling Independent School District; Bonham Independent School District; Booker Independent School District; Borger Independent School District; Bowie Independent School District; Brock Independent School District; Brownfield Independent School District; Bruceville-Eddy Independent School District; Bryson Independent School District; Buckholts Independent School District; Burkburnett Independent School District; Burkeville Independent School District; Cameron Independent School District; Campbell Independent School District; Canton Independent School District; Canutillo Independent School District; Canyon Independent School District; Central Heights

Independent School District; Central Independent School District; Chapel Hill Independent School District; Childress Independent School District; China Spring Independent School District; Chireno Independent School District; Cisco Independent School District; City View Independent School District; Cleburne Independent School District; Clint Independent School District; Coleman Independent School District; Collinsville Independent School District; Commerce Independent School District; Community Independent School District; Como-Pickton Independent School District; Connally Independent School District; Cooper Independent School District; Copperas Cove Independent School District; Corpus Christi Independent School District; Cotton Center Independent School District; Covington Independent School District; Crandall Independent School District; Crawford Independent School District; Crosby Independent School District; Dalhart Independent School District; Desoto Independent School District; Detroit Independent School District; Diboll Independent School District; Dickinson Independent School District; Dilley Independent School District; Dime Box Independent School District; Dimmitt Independent School District; Dodd City Independent School District; Douglass Independent School District; Driscoll Independent School District; Early Independent School District; Ector Independent School District; El Paso Independent School District; Electra Independent School District; Elkhart Independent School District; Elysian Fields Independent School District; Ennis Independent School District; Era Consolidated Independent School District; Etoile Independent School District; Everman Independent School District; Falls City Independent School District; Fannindel Independent School District; Ferris Independent School District; Forney Independent School District; Fort Davis Independent School District; Fort Worth Independent School District; Frost Independent School District; Gainesville Independent School District; Ganado Independent School District; Garrison Independent School District; Gilmer Independent School District; Godley Independent School District; Grandview Independent School District; Gregory-Portland Independent School District; Gunter Independent School District; Hale Center Independent School District; Hamlin Independent School District; Harleton Independent School District; Hart Independent School District; Haskell Consolidated Independent School District; Hawley Independent School District; Hearne Independent School District; Hemphill Independent School District; Hereford Independent School District; Hico Independent School District; Hidalgo Independent School District; High Island Independent School District; Holland Independent School District; Honey Grove Independent School District; Hubbard Independent School District; Hudson Independent School District; Huffman Independent School District; Huntington Independent School District; Hutto Independent School District; Itasca Independent School District; Jacksboro Independent School District; Jasper Independent School District; Joaquin Independent School District; Karnes City Independent School District; Kermit Independent School District; Kirbyville Independent School District; Knox City-O'Brien Consolidated Independent School District; Kountze Independent School District; Kress Independent School District; Krum Independent School District; La Joya Independent School District; La Pryor Independent School District; Lake Worth Independent School District; Lamesa Independent School District; Lasara Independent School District; Latexo Independent School District; Leverett's Chapel Independent School District; Linden-Kildare Consolidated Independent School District; Lingleville Independent School District; Lipan Independent School District; Lockhart Independent School District; Lorena Independent School

District; Louise Independent School District; Lyford Independent School District; Lytle Independent School District; Mabank Independent School District; Magnolia Independent School District; Martinsville Independent School District; McGregor Independent School District; Meadow Independent School District; Megargel Independent School District; Mercedes Independent School District; Meridian Independent School District; Merkel Independent School District; Mesquite Independent School District; Mildred Independent School District; Millsap Independent School District; Mission Consolidated Independent School District; Montague Independent School District; Morton Independent School District; Motley County Independent School District; Muenster Independent School District; Nederland Independent School District; New Boston Independent School District; New Castle Independent School District; New Home Independent School District; New Summerfield Independent School District; Newton Independent School District; Nocona Independent School District; Nueces Canyon Consolidated Independent School District; Olfen Independent School District; Olton Independent School District; Orange Grove Independent School District; Paint Creek Independent School District; Pampa Independent School District; Panhandle Independent School District; Paradise Independent School District; Paris Independent School District; Perrin-Whitt Consolidated Independent School District; Petersburg Independent School District; Pflugerville Independent School District; Poteet Independent School District; Pottsboro Independent School District; Prairiland Independent School District; Premont Independent School District; Presidio Independent School District; Princeton Independent School District; Quanah Independent School District; Ranger Independent School District; Redwater Independent School District; Ricardo Independent School District; Rice Consolidated Independent School District; Rice Independent School District; Rio Vista Independent School District; Rivercrest Independent School District; Robinson Independent School District; Robstown Independent School District; Roby Consolidated Independent School District; Rochester County Line Independent School District; Rocksprings Independent School District; Rogers Independent School District; Roosevelt Independent School District; Rosebud-Lott Independent School District; Rusk Independent School District; Sam Rayburn Independent School District; Samnorwood Independent School District; San Augustine Independent School District; San Perlita Independent School District; Sands Consolidated Independent School District; Sanford Independent School District; Santa Anna Independent School District; Santa Fe Independent School District; Santa Maria Independent School District; Seagraves Independent School District; Seguin Independent School District; Seymour Independent School District; Shallowater Independent School District; Shelbyville Independent School District; Shepard Independent School District; Shiner Independent School District; Sierra Blanca Independent School District; Sinton Independent School District; Slaton Independent School District; Smyer Independent School District; Socorro Independent School District; Southside Independent School District; Splendora Independent School District; Springtown Independent School District; Spur Independent School District; Stamford Independent School District; Sulphur Bluff Independent School District; Sulphur Springs Independent School District; Sunray Independent School District; Tahoka Independent School District; Taylor Independent School District; Tenaha Independent School District; Texline Independent School District; Thorndale Independent School District; Throckmorton Independent School District; Timpson Independent School District; Tolar Independent School District; Tornillo Independent School District;

11

Trenton Independent School District; Trinidad Independent School District; Troup Independent School District; Troy Independent School District; Tulia Independent School District; Uvalde Consolidated Independent School District; Valley View Independent School District; Van Alstyne Independent School District; Van Independent School District; Venus Independent School District; Vernon Independent School District; Warren Independent School District; Weatherford Independent School District; Wellman-Union Independent School District; Wells Independent School District; West Hardin County Consolidated Independent School District; White Oak Independent School District; Whitesboro Independent School District; Edgewood Independent School District; Ysleta Independent School District; Laredo Independent School District; San Elizario Independent School District; Socorro Independent School District; South San Antonio Independent School District; La Vega Independent School District; Kenedy Independent School District; Harlandale Independent School District; Brownsville Independent School District; Pharr-Sun Juan-Alamo Independent School District; Sharyland Independent School District; Monte Alto Independent School District; Edcouch-Elsa Independent School District; Los Fresnos Independent School District; Harlingen Independent School District; Jim Hogg County Independent School District; La Feria Independent School District; Roma Independent School District; San Benito Independent School District; United Independent School District; and Raymondville Independent School District.