

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00074-CV

Lynn **FOREMAN**,
Appellant

v.

Dale **JOHNSON**,
Appellee

From the 452nd Judicial District Court, Kimble County, Texas
Trial Court No. DCV-2010-1029
Honorable Robert Hofmann, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  December 3, 2014

REVERSED AND REMANDED

The sole issue in this appeal is whether the trial court erred in awarding attorney's fees to appellee following our remand of the case to the trial court. We conclude that it did; therefore, we reverse and remand.

### BACKGROUND

Our prior opinion contains a detailed recitation of the facts of this case, so we include here only those facts necessary to resolve appellant's single issue on appeal. *See Foreman v. Whitty*, 392 S.W.3d 265 (Tex. App.—San Antonio 2012, no pet.). In the underlying litigation, Lynn

Foreman and Cesar Vasquez sued the Junction Texas Economic Development Corporation ("the Board"); the City of Junction, Texas; and several individuals (collectively, "defendants") claiming violations of the Texas Open Meetings Act ("the Act"). One of the individuals sued is the appellee in this appeal, Dale Johnson.

## A.      Original Trial Proceedings and Prior Appeal

All defendants, except Johnson, filed a no-evidence motion for summary judgment, asserting that they were entitled to summary judgment on all claims against them. After considering the response filed by Foreman and Vasquez, the trial court granted the defendants' no-evidence motion.

Johnson separately filed a traditional motion for summary judgment as to the five violations of the Act alleged against him. The trial court granted Johnson's motion for summary judgment as to all allegations, except one. Johnson thereafter filed a first amended no-evidence motion for summary judgment, in which he sought entry of a no-evidence summary judgment as to the remaining violation of the Act alleged against him. The trial court granted Johnson's first amended no-evidence motion for summary judgment after considering the response filed by Foreman and Vasquez.

Johnson also filed a cross-action for declaratory relief against Foreman and Vasquez in which he sought a declaration that he had never violated the Act while a member of the Board. He also sought to recover attorney's fees. Johnson then filed a third motion for summary judgment, entitled "Defendant Dale Johnson's No Evidence Motion For Summary Judgment on Defendant's Cross-Action For Declaratory Judgment" in which he sought a declaration that he did not violate the Act during the time he was a member of the Board. The trial court granted this motion, entered a declaratory judgment in Johnson's favor, and awarded Johnson $20,000 in attorney's fees.

Foreman and Vasquez appealed all summary judgments. *See id.* In our prior opinion, we affirmed the no-evidence summary judgment in favor of all defendants except Johnson. *See id.* at 271-74. As to the traditional and no-evidence summary judgments rendered in favor of Johnson on the claims asserted against him, we affirmed the trial court's judgments. However, we reversed the no-evidence summary judgment on Johnson's cross-claim. *See id.* at 277-80.

Regarding Johnson's no-evidence motion on his cross-claim for declaratory judgment and award of attorney's fees, we agreed with Foreman and Vasquez's argument "that the trial court improperly granted Johnson's motion because a no-evidence motion cannot be filed on a claim or defense on which the movant has the burden of proof. [J]ohnson had the burden of prevailing on his affirmative cross-claim as well as his claim for attorney's fees, and therefore he improperly filed a no-evidence motion." *Id.* at 279. We then stated as follows:

> Assuming, without deciding, that Johnson was entitled to seek a declaratory judgment, Johnson had the burden of proving that he had never violated the Act while a member of the Board. Johnson did not seek a traditional summary judgment on his claim for declaratory judgment and did not conclusively establish that he had never violated the Act while a member of the Board. Thus, Johnson was not entitled to summary judgment on his cross-action for declaratory judgment and the trial court erred in granting the motion. We therefore reverse the summary judgment granted on Johnson's cross-action for declaratory judgment, as well as the award of attorney's fees, and *remand the case to the trial court for further proceedings*.

*Id.* at 280 (emphasis added).

In our conclusion, we stated:

> Based on the foregoing, we affirm the no-evidence summary judgment granted in favor of [the defendants other than Johnson]. We additionally affirm the traditional and no-evidence summary judgments granted in favor of Dale Johnson. We reverse the portion of the judgment granting Dale Johnson's no-evidence motion for summary judgment on his cross-action for declaratory judgment, as well as the award of attorney's fees, and *remand to the trial court for further proceedings on this claim consistent with this opinion*.

*Id.* (emphasis added).

No party filed a motion for rehearing, and our mandate issued on February 19, 2013.

**B.      Trial Proceedings on Remand**

Following our remand, it does not appear that any party filed amended pleadings. The trial court conducted a hearing on a single issue: whether Johnson was entitled to attorney's fees. Following the hearing, the trial court signed a judgment awarding attorney's fees to Johnson. The judgment held Foreman and Vasquez jointly and severally liable for the fees awarded to Johnson. This appeal by Foreman ensued.[1]

### DISCUSSION

In our prior opinion, we added the following footnote: "*See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 200 (Tex. 2007) (citing *Tex. Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970) ('[A]n action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action.')); *see also BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) ('The Declaratory Judgments Act is 'not available to settle disputes already pending before a court.')." *Foreman*, 392 S.W.3d at 280, n.9.

Despite our cautionary footnote, at the hearing following remand, the trial court did not consider whether Johnson was entitled to bring a cross-claim for a declaratory judgment. Instead, the court heard testimony on the amount and reasonableness of the requested attorney's fees. During closing arguments, Johnson's attorney acknowledged the footnote, but asserted that he pled for attorney's fees in his answer to Foreman and Vasquez's petition for declaratory judgment, and he was, therefore, entitled to attorney's fees because he prevailed on his summary judgment against

---

[1] Vasquez did not file a notice of appeal.

Foreman and Vasquez on their petition for declaratory relief against him.[2]   Counsel affirmatively abandoned his request for fees on the basis of Johnson's own request for declaratory relief (in his cross-claim), and instead, requested fees based on Johnson's answer to Foreman and Vasquez's request for declaratory relief.  Foreman and Vasquez's attorney objected on the grounds that the only issue on remand was whether Johnson was entitled to a declaratory judgment and, if he was, then the issue of attorney's fees could be considered.

When an appellate court remands a case and limits trial to a particular issue, the trial court is restricted to a determination of that particular issue.  *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986).  When interpreting the mandate of an appellate court, courts should refer to both the court of appeal's opinion and its mandate.  *Id.*  With reference to both our prior opinion and mandate, we note that all claims and parties were disposed of with one exception: the cross-claim filed by Johnson against Foreman and Vasquez in which Johnson sought a declaration that he had not violated the Act.  On remand, no amended pleadings were filed.  Thus, the only issue remaining was whether Johnson had violated the Act.  Our mandate remanded the case to the trial court for "further proceedings on this claim consistent with [our] opinion."  "On this claim" referred to Johnson's cross-claim for a declaratory judgment and associated attorney's fees.  "Proceedings consistent with our opinion" would be proceedings—either in a trial on the merits or in a traditional summary judgment context—to determine whether Johnson violated the Act.  This language reflects this court's opinion that, a no-evidence summary judgment was improperly granted as to Johnson's cross-claim, on which he bore the burden of proof; therefore, that claim should first be reconsidered in the trial court before review by this court.  However, we agree there is no language

---

[2] "In any proceeding under [the Declaratory Judgment Act], the court may award costs and reasonable and necessary attorney's fees as are equitable and just."  TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008).

specifically limiting the trial court's consideration to only Johnson's cross-claim, and there is no language specifically prohibiting either party from adding new claims.

Generally, when a case is remanded, the cause remains pending and amended pleadings may be filed. *Id.*; *Reynolds v. Murphy*, 266 S.W.3d 141, 146 (Tex. App.—Fort Worth 2008, pet. denied); TEX. R. CIV. P. 63 ("Amendments and Responsive Pleadings"). Upon remand, Johnson did not file amended pleadings to add any new causes of action, and he abandoned his request for attorney's fees under his still-pending cross-claim. Instead, he sought attorney's fees associated with his answer to Foreman and Vasquez's petition for a declaratory judgment. But, Foreman and Vasquez's declaratory judgment action against all defendants, including Johnson, was resolved against them in the prior trial court proceedings and on appeal. When the trial court originally rendered summary judgment in favor of Johnson, Johnson could have pursued a judgment that included an award of attorney's fees to him as the prevailing party. To the extent the trial court failed to award him fees, he could have raised the issue on appeal. He did neither.

A party may not introduce an issue on remand that it failed to raise in previous appellate proceedings. *Neeley v. West Orange-Cove Consol. Indep. Sch. Dist.*, 228 S.W.3d 864, 867 (Tex. App.—Austin 2007, pet. denied);[3] *Miller v. Univ. Sav. Ass'n*, 858 S.W.2d 33, 36 (Tex. App.— Houston [14th Dist.] 1993, writ denied).[4] Because Johnson had the opportunity to pursue

---

[3] In *Neeley*, the State argued the school districts were not entitled to attorney's fees under the Act because a declaratory judgment may not be used solely as a vehicle to obtain attorney's fees. The State argued that because Texas Constitution articles VII and VIII are self-executing constitutional provisions, the districts were limited to bringing direct claims under the Constitution and were, therefore, ineligible for attorney's fees under the Act. The court of appeals noted the State did not assert this argument in a prior appeal, but instead, waited until after the case had been remanded to the trial court for reconsideration of the attorney's fees award. 228 S.W.3d at 868. The court held that the State could have properly raised its argument that the districts could not seek attorney's fees under the Act in the prior appeal, but because it did not, the issue was waived. *Id.*

[4] In *Miller*, the court of appeals stated: "We find it hard to sympathize with appellant on this second appeal when he failed to raise the issue either at the trial level or at the first appeal, either by cross-point or in his motion for rehearing. He limited his arguments to the construction of the guaranty agreement and wholly failed to address the sufficiency of appellees' summary judgment proof on this issue. Having plead that all necessary requirements had been met, and obtaining a judgment based on those summary judgment pleadings, appellees are not now subject to an insufficiency

attorney's fees as the prevailing party in Foreman and Vasquez's suit for declaratory relief both in the original summary judgment proceeding and in the prior appeal, he was not entitled to raise the issue for the first time on remand in the absence of either pursuing his own cross-claim for a declaratory judgment or amending his pleadings to add any new causes of action that might entitle him to an award of attorney's fees. Therefore, the trial court erred in awarding Johnson attorney's fees.

**CONCLUSION**

We reverse that portion of the trial court's judgment holding Foreman jointly and severally liable for the attorney's fees awarded to Johnson, and remand the cause to the trial court for the limited purpose of determining whether Johnson was entitled to bring a cross-action for declaratory relief, and which party, if any, is entitled to attorney's fees related to the prosecution of or in defense of Johnson's cross-action for declaratory relief.

Sandee Bryan Marion, Justice

---

claim by appellant, who failed to specifically deny the existence of those conditions as required by [Texas] Rule [of Civil Procedure] 54, or to raise it on the original appeal." 858 S.W.2d at 36.