Kem Thompson Frost, Chief Justice *658 A guarantor of amounts owing under a rental agreement challenges the trial court's granting of traditional summary judgment on the creditor's claim for breach of the guaranty agreement. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
Appellant/defendant Joshua Norris signed a guaranty agreement, dated September 17, 2015, guaranteeing ARC Designs, Inc.'s deferred rental payments to appellee/plaintiff Texas Development Company, in the amount of $337,944, to be paid in twelve monthly installments (the "Guaranty"). When ARC Designs defaulted in making the payments, Texas Development Company demanded Norris pay the amounts owing under the Guaranty. And, when Norris failed to pay, Texas Development Company brought suit against ARC Designs to recover the rental payments and against Norris to recover on the Guaranty.
Texas Development Company filed a traditional motion for summary judgment against both defendants. The trial court granted the motion, rendering judgment against ARC Designs for the unpaid rent and against Norris on the Guaranty. The trial court awarded attorney's fees to Texas Development Company against both defendants, in different amounts. Norris appealed the trial court's judgment; ARC Designs did not appeal.
ISSUE PRESENTED
Norris asserts on appeal that the trial court erred in granting the summary judgment because Norris and Texas Development Company never formed a valid contract. According to Norris, after he signed the Guaranty, Texas Development Company made a counteroffer. Norris contends that the Guaranty is not binding because it was part of the counteroffer and became void as a matter of law upon the making of the counteroffer. According to Norris, because there was no deferred-base-rent agreement between Texas Development Company and ARC Designs, there was nothing for Norris to guarantee.
STANDARD OF REVIEW
In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish the movant's right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. M.D. Anderson Hosp. & Tumor Inst. v. Willrich , 28 S.W.3d 22, 23 (Tex. 2000). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. Mack Trucks, Inc. v. Tamez , 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. Goodyear Tire & Rubber Co. v. Mayes , 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the *659 grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).
BREACH-OF-GUARANTY ANALYSIS
To prevail on summary judgment on a claim for breach of a guaranty, the plaintiff must establish (1) the existence and ownership of the guaranty, (2) the terms of the underlying contract, (3) the occurrence of the condition on which liability is based, and (4) the guarantor's failure or refusal to perform the promise. See Wasserberg v. RES-TX One, LLC , No. 14-13-00674-CV, 2014 WL 6922545, at *6 (Tex. App.-Houston [14th Dist.] 2014, pet. denied) (mem. op.). In its motion for summary judgment, Texas Development Company asserted that it conclusively proved its entitlement to summary judgment on its breach-of-guaranty claim. Texas Development Company established that Norris executed the Guaranty and that ARC Designs defaulted on its obligation to pay deferred rent. In his summary-judgment response, Norris asserted that the Guaranty is ineffective because Texas Development Company rejected the terms of Norris's proposed deferred-base-rent agreement. Thus, Norris reasons, there was nothing for him to guarantee.
On appeal, Norris frames his argument in terms of contract formation; he does not address the elements required to prove breach of a guaranty agreement. Norris argues that the Guaranty is void but cites no authority to support that proposition.
The Guaranty states that Norris "hereby guarantees ... the payment of the deferred base rent described in the Deferred Base Rent Agreement attached hereto." The Guaranty states that by signing the document, Norris on that day guaranteed the payment of the deferred base rent described in the attached "Deferred Base Rent Agreement." Norris then delivered the Guaranty to Texas Development Company. Norris does not deny signing the Guaranty or sending the Guaranty to Texas Development Company, but he asserts that the Guaranty became void when Texas Development Company rejected the proposed deferred-base-rent agreement attached to the Guaranty.
The Lease Agreements and Deferred Base Rent Agreement
Between January 2012 and October 2014, Texas Development Company, as landlord, and ARC Designs, as tenant, executed five lease agreements for properties located at 11987 FM 529, 12221 FM 529, 12231 FM 529, 12233 FM 529, and 12261 FM 529. In early 2015, due to a downturn in ARC Designs's business, the company began seeking subtenants to reduce its rental expenses. In the summer of 2015, ARC Designs sought rental concessions-including deferral of a portion of the rental payments due-from Texas Development Company. ARC Designs began deferring a portion of its rental payments, and Texas Development Company began accepting a reduced rental payment.
Texas Development Company asserts that in the summer of 2015, ARC Designs sought a deferred-base-rent agreement. According to Texas Development Company, the parties reached an oral agreement as to the deferred base rent and began performing the agreement. Texas Development Company asserts that ARC Designs memorialized that agreement in writing in a letter sent from Norris and ARC Designs to Texas Development Company in September 2015 ("September 2015 Letter"). The September 2015 Letter is attached to the Guaranty and the parties refer to it in the Guaranty as the "Deferred *660 Base Rent Agreement." The final paragraph of the September 2015 Letter contains a signature block for both parties to sign confirming that the September 2015 Letter accurately stated the Deferred Base Rent Agreement.
Norris asserts that the parties began negotiating a deferred-base-rent agreement in the summer of 2015, but that they did not reach agreement. According to Norris, the September 2015 Letter constituted an offer of a deferred-base-rent agreement. In October 2015, Texas Development Company e-mailed a letter to Norris and ARC Designs stating that the final deferred-base-rent agreement was enclosed ("October 2015 Letter") and asking that Norris sign it along with the enclosed guaranty. The enclosed guaranty was a copy of the guaranty that Norris had signed and sent to ARC Designs. Norris asserts that the October 2015 Letter amounts to a counteroffer and a rejection of the offer contained in the September 2015 Letter. According to ARC Designs, after Texas Development Company sent the October 2015 Letter, Texas Development Company signed the September 2015 Letter.
The September 2015 Letter "confirms" that ARC Designs, Norris, and Texas Development Company "reached an agreement to modify the lease terms" for the five buildings. Norris's letter describes the conditions under which ARC Designs will be released from its lease for 11987 FM 529, and states that the new base rent due under the deferred-base-rent agreement will be a sum of $90,000 for the time period beginning June 1, 2015 and running through November 30, 2015. The letter sets out the repayment terms for the deferred base rent and provides that Norris personally will guarantee the amount of the deferred base rent.
The Guaranty Agreement
Both parties state that as part of any agreement to defer rent, Norris, the owner of ARC Designs, agreed to personally guarantee the amount of deferred base rent. Norris attached the September 2015 Letter to the instrument entitled, "Guaranty of Deferred Base Rent Agreement," which states in pertinent part:
FOR VALUE RECEIVED, and in consideration for, and as an inducement to THE TEXAS DEVELOPMENT COMPANY to enter into the attached Deferred Base Rent Agreement, Josh Norris hereby guarantees to THE TEXAS DEVELOPMENT COMPANY, its heirs, legal representatives successors and assigns, the payment of the deferred base rent described in the Deferred Base Rent Agreement attached hereto, in the amount of $337,944.00 to be paid in 12 monthly installments of $28,162.00 per month for the months of January through December 2016, for which Josh Norris hereby agrees to be jointly and severally liable together with ARC DESIGNS, INC., without requiring any notice of nonpayment, nonperformance, or proof of notice or demand, whereby to charge Josh Norris all of which Josh Norris hereby expressly waives; provided, however, in the event that the actual amount of the Deferred Base Rent is less than $337,944.00 as of December 21, 2015, then the obligations under this Guaranty Agreement shall not exceed the actual amount of such Deferred Base Rent, and the monthly payment amount shall be adjusted accordingly. This is an irrevocable, absolute, complete, and continuing guaranty of payment and not a guaranty of collection ...
Josh Norris further covenants and agrees that this Guaranty shall be absolute and unconditional and shall remain *661 and continue in full force and effect as to any renewal, extension, amendment, addition, assignment, sublease, transfer or other modification of the Lease Agreement or the Deferred Base Rent Agreement.
The Guaranty contains a September 17, 2015 execution date. Norris signed the document as guarantor.
In the October 2015 Letter, Texas Development Company responded with the "final Deferred Base Rent Agreement and Personal Guaranty of Mr. Norris." The October 2015 Letter included a schedule of payments through the end of the lease terms. Texas Development Company attached a copy of the Guaranty, which Norris signed in September 2015, and attached to the September 2015 Letter.
Default in Rent Payment and Collection Suit
In November 2015, ARC Designs failed to timely remit payment on the lease and Texas Development Company filed suit, alleging that (1) ARC Designs breached the agreement contained in the September 2015 Letter by failing to tender the amounts owed under the lease and (2) Norris breached his guaranty agreement by failing to remit payment due under the Guaranty.
Traditional Motion for Summary Judgment
After ARC Designs and Norris denied Texas Development Company's allegations, Texas Development Company filed a traditional motion for summary judgment, asserting that its evidence conclusively proved its entitlement to judgment on its breach-of-contract and breach-of-guaranty claims. The summary-judgment record includes the following evidence:
• Affidavit of Michael Farris, manager of real estate for Texas Development Company in which Farris avers that in the summer of 2015, ARC Designs approached Texas Development Company with a request to defer a portion of its base-rent obligation. Texas Development Company agreed to defer rent as long as Joshua Norris personally would guarantee that ARC Designs would repay the deferred base rent. Farris stated that after negotiations between the parties, on the date of the September 2015 Letter, Texas Development Company and ARC Designs executed a deferred-base-rent agreement under which Norris personally guaranteed the deferred rent in the amount of $337,944. In November 2015, ARC Designs breached the lease agreement by vacating two buildings and remaining in two buildings without paying rent. ARC Designs did not pay any of the deferred base rent, and Norris has failed to make any payments under the Guaranty.
• A copy of the September 2015 Letter and the attached Guaranty.
• A copy of the October 2015 Letter and the attached copy of the Guaranty.
• A letter dated November 6, 2015, stating that ARC Designs was in default under the lease.
In his response to Texas Development Company's summary-judgment motion, Norris asserted that he is not liable under the Guaranty because Texas Development Company rejected the agreement in the October 2015 Letter. According to Norris, at that point, the parties did not have any agreement.
The trial court granted Texas Development Company's motion for summary-judgment. After judgment in the trial *662 court, an entity controlled by Texas Development Company acquired control of ARC Designs. ARC Designs did not appeal the judgment.
Operative Terms of the Guaranty Agreement
The Guaranty states that it is an "irrevocable, absolute, complete, and continuing guaranty of payment and not a guaranty of collection." Although the Guaranty was attached to the agreement, the Guaranty contains its own terms and is not part of the deferred-base-rent agreement under negotiation. See Universal Metals & Machinery, Inc. v. Bohart , 539 S.W.2d 874, 877 (Tex. 1976). Nothing in the Guaranty makes Norris's guaranty obligation contingent on the acceptance and validity of the Deferred Base Rent Agreement. See ids="10144173" index="6" url="https://cite.case.law/sw2d/539/874/#p877">id.
The Guaranty states, "FOR VALUE RECEIVED, and in consideration for, and as an inducement to THE TEXAS DEVELOPMENT COMPANY to enter into the attached Deferred Base Rent Agreement, Josh Norris hereby guarantees ..." but this reference to the guaranty as being to induce Texas Development Company to enter into the "Deferred Base Rent Agreement" is insufficient to invalidate the Guaranty for lack of consideration. See id. at 878 (Tex. 1976) (holding guaranty agreement did not fail for lack of consideration because agreement stated "for value received"). The Guaranty is complete. Texas Development Company owned the Guaranty, and nothing in the Guaranty stated that the Guaranty would become void if the parties did not enter into a deferred-base-rent agreement. See Morales v. Cemex Const. Materials South, LLC , No. 14-10-00727-CV, 2011 WL 3628861, at *3 (Tex. App.-Houston [14th Dist.] Aug. 18, 2011, no pet.) (mem. op.). To the contrary, the Guaranty states on its face that it is "irrevocable." The summary-judgment evidence showed that the Guaranty exists and Texas Development Company owns the Guaranty. See index="9" url="https://cite.case.law/citations/?q=2011%20WL%203628861">id.
Norris did not argue that because no valid contract existed between Texas Development Company and ARC Designs, the court could not determine the terms of the underlying agreement. Because he did not make this argument in his brief, Norris has waived this argument. See Fairfield Industries, Inc. v. EP Energy E & P Co., L.P. , 531 S.W.3d 234, 253 (Tex. App.-Houston [14th Dist.] 2017, pet. filed) ; Navarro v. Grant Thornton, LLP , 316 S.W.3d 715, 719-20 (Tex. App.-Houston [14th Dist.] 2010, no pet.). Norris did not raise in his summary-judgment response the argument that we cannot determine the terms of the underlying agreement, so we cannot reverse the trial court's summary judgment on this basis. See City of Houston v. Clear Creek Basin Auth. , 589 S.W.2d 671, 678 (Tex. 1979) ; Lopez v. Exxon Mobil Dev. Co. , No. 14-16-00826-CV, 2017 WL 4018359, at *13 (Tex. App.-Houston [14th Dist.] Sept. 12, 2017, pet. filed) (mem. op.).
Even if Norris had raised this argument in his briefing and in his summary-judgment response, we would not reverse the trial court's granting of summary judgment because the record contains the terms of the agreement, which Texas Development Company proved as a matter of law by its traditional motion for summary judgment. To determine a guarantor's liability, we look to the language of the guaranty agreement. Silvestri v. Intern'tl Bank of Commerce , No. 01-11-00921, 2013 WL 485804, at *5 (Tex. App.-Houston [1st Dist.] Feb. 7, 2013, pet. denied) (mem. op.). A court must construe a guaranty strictly according to its precise terms and not extend by construction the guarantor's obligation.
*663 Univ. Sav. Ass'n v. Miller , 786 S.W.2d 461, 462 (Tex. App.-Houston [14th Dist.] 1990, writ denied).
The Guaranty states that the amount guaranteed is $337,944.00 and the Guaranty provides that the $337,944.00 is to be paid in twelve monthly installments of $28,162.00 per month for the months of January through December 2016. The Guaranty further provides that in the event that the actual amount of deferred base rent is less than $337,944.00, then the agreement shall be adjusted accordingly. The Guaranty identifies the amount guaranteed and the terms of payment. The Guaranty is not conditioned upon the parties' acceptance of the specifics of the "Deferred Base Rent Agreement." See ids="10001591" index="16" url="https://cite.case.law/sw2d/786/461/#p462">id. Under the instrument's plain terms, Norris guaranteed $337,944.00 or the amount of the deferred base rent if that amount is less than $337,944.00. See ids="10001591" index="17" url="https://cite.case.law/sw2d/786/461/#p462">id.
The summary-judgment record contains a valid guaranty agreement signed by Norris. The Guaranty recites the terms of the agreement, and the terms of the underlying agreement, on the face of the instrument. Thus, by its motion for summary judgment, Texas Development Company conclusively proved each element of its claim: (1) the existence and ownership of the Guaranty, (2) the terms of the underlying contract, (3) the occurrence of the condition on which liability is based, and (4) the guarantor's failure or refusal to perform the promise. See Wasserberg , 2014 WL 6922545, at *6. We overrule Norris's issue.
Having overruled Norris's sole issue, we affirm the trial court's judgment.