**Affirmed and Memorandum Opinion filed March 26, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00319-CV

---

**LI LI, Appellant**

**V.**

**PEMBERTON PARK COMMUNITY ASSOCIATION, INC., Appellee**

---

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2017-17980**

---

## M E M O R A N D U M   O P I N I O N

A property owners' association sued a homeowner for allegedly violating restrictive covenants. On appeal from the trial court's summary judgment in favor of the association, the homeowner asserts the trial court erred in granting summary judgment because the summary-judgment evidence raised a fact issue concerning two points: (1) the association's conduct was arbitrary, capricious, or discriminatory, and (2) the association had abandoned the applicable restrictive

covenants. Because the homeowner did not raise either point in response to the association's summary-judgment motion, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee/plaintiff Pemberton Park Community Association, Inc. (the "Association") is a property owners' association with full power and authority to enforce the covenants and restrictions imposed on property owners in Pemberton Park by the "Declaration of Covenants, Conditions, Restrictions and Easements for Pemberton Park" (the "Restrictive Covenants"). The Association filed suit against appellant/defendant Li Li, the owner of a Pemberton Park home subject to the Restrictive Covenants. The Association claimed that Li was in violation of the Restrictive Covenants because she refused to re-paint the area to the right of the second-story window of her home a uniform color so that the area would match or otherwise blend with the exterior paint (the "Painting"). The Association sought a permanent injunction compelling Li to do the Painting as well as statutory damages under Texas Property Code section 202.004(c) for the violation of the Restrictive Covenants, and reasonable attorney's fees.

Representing herself, as she did during most of the trial-court proceedings, Li filed an answer, asserting a general denial and several defenses. Li did not assert that the Association had engaged in arbitrary, capricious, or discriminatory conduct, nor did Li assert that the Association had abandoned any covenant or restriction. Li filed a motion for summary judgment asserting that (1) the Association had instructed her to "paint the area to the right side of the second story window to its original condition," but completing this task was "impossible to achieve"; (2) the Association selectively enforced the Restrictive Covenants by selectively sending out enforcement letters and selectively following up with enforcement actions; and (3) despite Li's numerous requests to resolve the issue

2

without litigation and despite Li having given the Association permission to cure the violation at her expense, the Association insisted on going through with litigation, thus wasting both Li's and the court's time and resources.

The Association filed "Plaintiff's Second Motion for Summary Judgment" seeking a traditional summary judgment on its sole claim against Li for violating the Restrictive Covenants. In the motion, the Association proved the Restrictive Covenants and their applicability to Li's property. Section 6.02.1 of the Restrictive Covenants provides that "[a]ll maintenance of each Lot and all improvements thereon is the sole responsibility of the Owner thereof" and that "[e]ach Owner must maintain their Lot and all improvements thereon at all times in such manner as to obtain and maintain Prevailing Community Standards on a continuing basis as may be more specifically determined by this Declaration and other Governing Documents." The Association asserted that Li had violated her duty under section 6.02.2 of the Restrictive Covenants to "maintain the exterior of [her] residence . . . in an attractive, sound and well maintained condition, including proper maintenance and repair as needed of paint . . . and all other exterior portions of [Li's] residence." The Association also asserted that Li had violated section 8.01.3 of the Restrictive Covenants, under which "[a]ll residences, buildings and structures must be kept in good repair, must be painted (as applicable) when necessary to preserve their attractiveness and must otherwise be maintained in such manner as to obtain and maintain Prevailing Community Standards."

The Association submitted an affidavit from one of its representatives showing that despite notices from the Association, Li had failed to do the Painting and that this failure violated the Restrictive Covenants. The affiant testified that this violation remained uncured. The Association submitted a photograph of the exterior of Li's home showing that the paint in an area to the right of a second-

story window of Li's home was not the same color as the paint on the rest of the exterior of Li's home. The Association also submitted an affidavit from its attorney as to reasonable attorney's fees. In its motion, the Association did not cite Texas Property Code section 202.004(a), nor did the Association seek the benefit of any presumption that it acted in a reasonable manner. The Association did not assert that it was exercising discretionary authority.

Li filed a response in opposition to the Association's summary-judgment motion. Li did not assert that the exterior paint on her house was of a uniform color. Li did not dispute the Association's assertion that she had violated the Restrictive Covenants. Li referred to the part of her summary-judgment motion in which she asserted that the Association selectively enforced the Restrictive Covenants by selectively sending out enforcement letters and selectively following up with enforcement actions, as well evidence Li had submitted in support of this part of her summary-judgment motion.

The trial court denied Li's motion, granted the Association's motion, and rendered a final judgment in which the court (1) issued a permanent injunction commanding Li to immediately do the Painting; (2) ordered Li to pay the Association $1,000 for five days of statutory damages under Texas Property Code section 202.004(c), and (3) ordered Li to pay the Association's attorney's fees and expenses for the trial court proceedings and all court costs.

## II. ISSUES AND ANALYSIS

On appeal, Li asserts that the trial court erred in granting summary judgment because the summary-judgment evidence raised a genuine fact issue (1) as to whether the Association's treatment of Li's alleged violation of the Restrictive Covenants was arbitrary, capricious, or discriminatory and therefore unreasonable, and (2) as to whether the Association had abandoned the parts of the Restrictive

4

Covenants that Li allegedly violated. Based on the foregoing alleged errors, Li asserts that the trial court erred in issuing a permanent injunction and awarding statutory damages and attorney's fees. Li does not seek rendition of judgment in her favor, nor does she present any argument on appeal that the trial court erred in denying her motion for summary judgment. Therefore, we do not address this ruling. *See Marathon Petroleum Company LP v. Cherry Moving Co.*, 550 S.W.3d 791, 797 & n.2 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

**A. May this court reverse based on an alleged fact issue as to the Association's alleged arbitrary, capricious, or discriminatory conduct?**

In her second issue, Li seeks reversal of the trial court's judgment based on an alleged fact issue as to whether the Association's treatment of Li's alleged violation of the Restrictive Covenants was arbitrary, capricious, or discriminatory. Under Property Code section 202.004(a), "[a]n exercise of discretionary authority by a property owners' association or other representative designated by an owner

5

of real property concerning a restrictive covenant is presumed reasonable unless the court determines by a preponderance of the evidence that the exercise of discretionary authority was arbitrary, capricious, or discriminatory." Tex. Prop. Code Ann. § 202.004(a) (West, Westlaw through 2019 R.S.). Li asserts that the trial court erred in granting summary judgment because the evidence raised a fact issue as to her defense that the Association's actions toward Li were arbitrary, capricious, or discriminatory and therefore unreasonable under this statute. *See id.*

The Association moved for summary judgment on its claim that Li violated various provisions of the Restrictive Covenants. A party seeking to enforce a restrictive covenant must prove that the defendant intended to do an act which would breach the restrictive covenant or that the defendant violated the restrictive covenant. *See Lyons v. Lexington Woods Trails Cmty. Assoc.*, No. 14-17-00423-CV, 2018 WL 1542489, at *2 (Tex. App.—Houston [14th Dist.] Mar. 29, 2018, no pet.) (mem. op.). The Association submitted an affidavit from one of its representatives showing that despite notices from the Association, Li had failed to do the Painting and that this failure violated the Restrictive Covenants. The affiant testified that this violation remained uncured. In its motion, the Association did not assert that it was exercising discretionary authority or cite Property Code section 202.004(a). Nor did the Association seek the benefit of any presumption that it acted in a reasonable manner.

A review of Li's answer, Li's motion, Li's response to the Association's motion, and Li's other filings regarding the Association's motion and Li's motion shows that in none of these filings did Li cite Property Code section 202.004(a) or assert that the Association's actions toward Li were arbitrary, capricious, or discriminatory. Though Li asserts on appeal that the summary-judgment evidence raised a genuine fact issue as to her defense based on this statute, Li did not raise

6

this point in her summary-judgment response, so we cannot reverse the trial court's summary judgment on this basis. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Norris v. Texas Dev. Co.*, 547 S.W.3d 656, 662 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Lyons* 2018 WL 1542489, at *3; *Ellis v. Renaissance on Turtle Creek Condominium Ass'n*, 426 S.W.3d 843, 854 (Tex. App.—Dallas 2014, pet. denied). We overrule Li's second issue.

**B.     May this court reverse based on an alleged fact issue as to whether the Association had abandoned the parts of the Restrictive Covenants that Li allegedly violated?**

In her third issue, Li seeks reversal of the trial court's judgment based on an alleged fact issue as to whether the Association had abandoned the parts of the Restrictive Covenants that Li allegedly violated. To defeat enforcement of a restrictive covenant, a defendant may assert the affirmative defense that the restrictive covenant has been abandoned. *See Moran v. Memorial Point Property Owners Ass'n*, 410 S.W.3d 397, 403 (Tex. App.—Houston [14th Dist.] 2013, no pet.). To establish this defense, the defendant must prove that violations of the covenant then existing are so great as to lead the mind of the "average person" to reasonably conclude that the restriction in question has been abandoned and its enforcement waived. *See id.* In making this determination, courts consider factors such as the number, nature, and severity of the existing violations, any prior enforcements of the restriction, and whether it is still possible to realize to a substantial degree the benefits of the restriction despite the violations. *See id.*

A review of Li's answer, Li's motion, Li's response to the Association's motion, and Li's other summary-judgment filings shows that in none of these filings did Li assert that the Association had abandoned any restrictive covenant or restriction or that the existing violations of any covenant were so great as to lead the mind of the "average person" to reasonably conclude that the Association had

abandoned the restriction. *See id.* In her summary-judgment response, Li referred to the part of her motion in which she asserted that the Association selectively enforced the Restrictive Covenants by selectively sending out enforcement letters and selectively following up with enforcement actions. But Li's assertions of selective enforcement did not put the Association on notice that Li was asserting the defense of abandonment or that Li claimed the existing violations of a restrictive covenant were so great as to lead the mind of the "average person" to reasonably conclude that the Association had abandoned the restrictive covenant. *See id*.

Though Li asserts on appeal that the summary-judgment evidence raised a genuine fact issue as to her defense that the Association had abandoned the restrictions it sought to enforce in this case, Li did not raise this defense in her summary-judgment response, so we cannot reverse the trial court's summary judgment on this basis. *See City of Houston*, 589 S.W.2d at 678; *Norris*, 547 S.W.3d at 662; *Lyons* 2018 WL 1542489, at *3.

If Li had raised an abandonment defense, the Association would have been able to respond by relying on the following nonwaiver provision from section 10.02.3 of the Restrictive Covenants: "Failure of the Association or any Owner to enforce any of the provisions of this Declaration . . . will in no event be deemed a waiver of the right to do so thereafter (including without limitation as to the same or similar violation whether occurring prior or subsequent thereto)." *See Clark v. Litchenburg*, No. 15-18-00278-CV, 2019 WL 4010771, at *5 (Tex. App.—Dallas Aug. 26, 2019, no pet.) (concluding that the nonwaiver provision in the restrictive covenants precluded the homeowners' defense that the restrictive covenants the plaintiffs sought to enforce had been waived and stating that the purpose of such

nonwaiver provisions is to prevent assertions of waiver and abandonment of the restrictive covenants) (mem. op.).

We overrule Li's third issue.

### III.   CONCLUSION

We cannot reverse the trial court's summary judgment on the points Li raises in her second and third appellate issues because Li did not raise these points in response to the Association's summary-judgment motion.   Under her fourth issue, Li asserts that the trial court erred in issuing a permanent injunction and awarding statutory damages and attorney's fees because the trial court erred in granting summary judgment for the reasons asserted under the second and third issues.   We have overruled these two issues, so Li has not shown any error under her fourth issue, and we overrule that issue, too. In the first issue, Li asserts generally that the trial court erred in granting summary judgment in favor of the Association.   Having found no merit in any of Li's appellate arguments, we overrule the first issue, and we affirm the trial court's judgment.


/s/      Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.